IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RONNIE LEE SANDERS,<br><br>      Plaintiff,<br>v.<br><br>SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP and FIRST TECHNOLOGY FEDERAL CREDIT UNION,<br><br>      Defendants. | Case No. 19-cv-410 |

**PLAINTIFF'S RESPONSE TO NOTICE OF FAILURE TO MAKE SERVICE (ECF#2) AND MOTION FOR EXTENSION OF TIME NUNC PRO TUNC**

Plaintiff RONNIE LEE SANDERS respectfully submits this Response to the Notice of Failure to Make Service (ECF#2), and requests that this Court enter an order, under Fed. R. Civ. P. 4(m), extending the amount of time to serve Defendants up to and including November 7, 2019 *nunc pro tunc*, and for such other relief which to the Court may seem just and proper.

In support of this request, Plaintiff's attorney states that, as further described in the Amended Complaint, this federal Fair Debt Collection Practices Act ("FDCPA") action is related to a state-court debt-collection action filed by Defendants against Plaintiff. *See* Amended Complaint, ECF#3, at 6-7. Plaintiff filed this federal action on April 16, 2019, while an appeal in the state-court action was still pending. While this federal action in no way seeks to vacate or negate the state-

1

court action, Plaintiff's attorney thought it best not to immediately serve the federal Complaint while the state-court appeal was still pending, both for the sake of simplicity, and because a favorable outcome in the state-court of appeal might have obviated the need to expend time and expense pursuing this federal case.

The decision of the North Carolina Court of Appeals was handed down on September 3, 2019. While Plaintiff considered submitting a petition for discretionary review to the Supreme Court of North Carolina, he ultimately decided not to do so. The time to file such a petition for discretionary review expired on October 8, 2019.

The undersigned attorney for Plaintiff should have asked this Court for an extension of the time to serve the summons and complaint before the original 90-day period to do so expired. He did not do so because, unfortunately, he neglected to calendar the 90-day deadline when he filed this federal case. Plaintiff therefore now respectfully asks this Court for an extension of time to serve the summons on Defendants *nunc pro tunc*. Plaintiff does not believe this extension will prejudice either Defendant; since the related state-court litigation has been pending until very recently, it is unlikely that they would have disposed of documents or any other evidence related to these events.

Plaintiff has requested that the Clerk issue summonses for both Defendants,[1] and Plaintiff's attorney does not believe that it will take longer than 14 days to

---

[1] Unlike in North Carolina state court, there is no deadline for the issuance of summonses in a federal civil case. *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.

accomplish service. Plaintiff therefore asks for an extension of the deadline to November 7, 2019, which is 14 days after today.

For these reasons, Plaintiff respectfully asks this Court to extend the deadline to make service up to and including November 7, 2019, and for such other relief which to the Court may seem just and proper. The undersigned attorney for Plaintiff apologizes for any inconvenience that his delay has caused.

Dated: Winston-Salem, N.C.
October 24, 2019

/s/ Jonathan R. Miller
Jonathan R. Miller
Salem Community Law Office
717 S. Marshall St., Ste. 105-F
Winston-Salem, NC 27101
Tel: (336) 837-4437
Fax: (336) 837-4436
jmiller@salemcommunitylaw.com

---

If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.").