IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
C.A. No. 1:19-cv-00410-UA-JEP

RONNIE LEE SANDERS,

    Plaintiff,

v.

SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP and FIRST
TECHNOLOGY FEDERAL CREDIT
UNION,

    Defendants.

## DEFENDANT SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

### I. MATTER BEFORE THE COURT

The matters before the Court for ruling are the defendant Smith Debnam Narron Drake Saintsing & Myers, LLP's ("Smith Debnam") Motions to Dismiss pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure.

### II. STATEMENT OF FACTS

On April 16, 2018, Smith Debnam filed a collection complaint on behalf of the codefendant First Technology Credit Union ("FTCU") to collect a deficiency balance from the plaintiff (the "Collection Complaint" and "Collection Litigation").[1] The procedural history of the collection litigation, including its appellate history, are set forth more

---

[1] While the Complaint alleges the Collection Complaint was filed April 16, 2017, the attached copy of the Collection Complaint reflects it was actually filed April 16, *2018*. (Doc. No. 3, Ex. D).

1

particularly in the Memorandum submitted by FTCU in support of its Motion to Dismiss and that history is adopted herein by reference. (Doc. No. 16).

On April 16, 2019, the plaintiff filed a complaint against Smith Debnam alleging violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. (the "April Complaint"). The April Complaint was filed on the last day of the limitations period set forth in 15 U.S.C. §1692k. The plaintiff took no further action - no summons was ever issued and the April Complaint was never served.

On October 10, 2019, the Clerk of Court issued a Notice to Plaintiff of Failure to Make Service Within 90 Days. (Doc. No. 2). The Notice directed the plaintiff to respond within 14 days and that at the end of that period, the record would be forwarded to the district court judge to whom the action is assigned for further action. Instead of serving the April Complaint, the plaintiff responded by filing a new complaint (Doc. No. 3), this time including FTCU as a party (the "October Complaint") and filing a response and motion to extend the time to effect service (Doc. No. 4). In his response and motion to extend time, plaintiff's counsel indicated a deliberate and calculated strategy to not immediately serve the federal Complaint while the appeal of the Collection Litigation was still pending "because a favorable outcome ... might have obviated the need to expend time and expense pursuing this federal case." (Doc. No. 4, p.2). Plaintiff's counsel further acknowledged he forgot to calendar the 90-day deadline for service. An Order allowing the plaintiff through November 7, 2019 to make service was entered on October 30, 2019. (Doc. No. 5).

2

A summons directed to Smith Debnam was issued on October 31, 2019, over six months after the statute of limitations had run. On November 7, 2019, well outside of the 90 day period articulated in Rule 4(m) for completion of service, Smith Debnam was served with the summons and the October Complaint. (Doc. Nos. 6 and 8).

The October Complaint alleges Smith Debnam violated 15 U.S.C. §1692e. Smith Debnam moves to dismiss this action because (1) plaintiff failed to effect service with the time provided by Fed. R. Civ. P. 4(m) and therefore there has been an insufficiency of service of process, and (2) because the claims asserted against Smith Debnam in the October Complaint are now time-barred and should be dismissed pursuant to Rule 12(b)(6).

### III. ARGUMENT

**A. This Action Should be Dismissed as to Smith Debnam for an Insufficiency of Service of Process.**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), "[t]he plaintiff bears the burden of establishing that the service of process has been accomplished in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure." *Plant Genetic Systems, N.V., v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996). To satisfy his or her burden of showing proper service, the plaintiff "must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *El v. Max Daetwyler Corp.*, 2011 U.S. Dist. LEXIS 49645, at *4 (W.D.N.C. 2011) (citation omitted). "Rule 4 is 'there to be followed, and plain requirements for the means of effecting service of process may not be ignored.'" *Disabled Patriots of Am., Inc. v. Meimei Fu*, 2009 U.S. Dist. LEXIS 131858, at *10 (W.D.N.C. 2009)

3

(quoting *Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

If a defendant is not served within ninety (90) days after the complaint is filed, the court… must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If good cause is shown, the court is required to extend the time for service for an appropriate period. *Id.* "Circumstances amounting to good cause may be where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a *pro se* plaintiff as to the appropriate procedure for service; or where plaintiff was unaware of the defect in service until after the deadline expired." *Akakpo v. HSBC Bank USA, N.A.*, 2017 U.S. Dist. LEXIS 39473, at *4 (D. Md. March 20, 2017). "'[I]nadvertence or neglect of counsel,' however, will not suffice to satisfy the standard of 'good cause.'" *Id.* (quoting *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77 (D. Md. 1995)).

In the present case, good cause does not exist and this action should be dismissed for insufficiency of service of process. "Good cause" generally requires a plaintiff to demonstrate that he or she exercised "reasonable diligence in trying to effect service." *Jones v. Sears and Roebuck*, 2016 U.S. Dist. LEXIS 56997, at *2 (D. Md. Apr. 28, 2016). Plaintiff did not attempt service within the 90 day period set forth in Rule 4(m), much less

4

request a summons be issued.[2] Instead, the Plaintiff made a deliberate determination to delay service while the Collection Litigation was on appeal and then forgot to calendar the ninety day deadline for service. Inadvertence and neglect should "not suffice to satisfy the standard of good cause." *Akakpo*, 2017 U.S. Dist. LEXIS 39473, at *4 (citation and quotations omitted). Plaintiff's failure to timely serve – or attempt to serve – a complaint in this action has created an insufficiency of service of process and the action should be dismissed pursuant to Rule 12(b)(5).

The fact that the plaintiff's claim against Smith Debnam is now time-barred is of no consequence and cannot save plaintiff's claims. *See Akakpo*, 2017 U.S. Dist. LEXIS 39473, at *10-*11 (citing *Mendez v. Elliot*, 45 F.3d 75, 79 (4th Cir. 1995)) ("Rule 4(m) does not allow plaintiff the right to refile without the consequences of time defenses, such as the statute of limitations"); *see also Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 295 (D. Md. 2013) (rejecting possible limitations bar as sufficient to establish good cause), *aff'd Chen v. Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th Cir. 2013).[3] Because the claims asserted against Smith Debnam are now time-barred, any such dismissal should be with prejudice.

---

[2] While Smith Debnam acknowledges the Court granted plaintiff's belated request for an extension of time to make service (Doc. No. 5), Smith Debnam had not yet been served or given notice of this lawsuit, and therefore had no notice or opportunity to be heard on plaintiff's belated motion for extension of time. As such, this is the first opportunity Smith Debnam has had to raise this issue. Had Smith Debnam been provided notice of the motion, it would have opposed it on the same grounds explained herein.

[3] Although *Mendez* and *Chen* predate the most recent amendments to Rule 4(m), *Akakpo* does not and Plaintiff contends the reasoning regarding the interplay of Rule 4(m) and statute of limitations defenses survives that amendment.

5

## B. The Claims Set Forth in the October Complaint Against Smith Debnam are Time-Barred and Should be Dismissed.

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim. *See* Fed. R. civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "A motion to dismiss may be granted in two ways: first, by failing to state a valid legal cause of action, i.e., a cognizable claim; or second, by failing to allege sufficient facts to support a legal cause of action." *Action NC v. Strach*, 216 F. Supp. 3d 597, 612 (M.D.N.C. 2016) (citations omitted).

The October Complaint does not reference the April Complaint, invoke Fed. R. Civ. P. 15 or purport to amend the April Complaint. The Court should therefore treat the October Complaint – the only complaint to be served on Smith Debnam – as an independent and new commencement of this action for statute of limitations purposes. Plaintiff's allegations against Smith Debnam in the October Complaint revolve entirely around a single action and a single communication - the filing of the collection complaint. Plaintiff alleges that "[t]he state court complaint prepared and filed by Smith Debnam was a 'communication' as that term is defined in 15 U.S.C. § 1692a(2) of the FDCPA" and that the state court complaint made false representations and was thus a "false representation of the character, amount, and legal status of a debt" which violated 15 U.S.C. § 1692e(2)(A). Plaintiff also alleges the filing of the Collection Complaint was (1) an action that Smith Debnam was not legally permitted to take, (2) a threat to take an action that Smith Debnam was not legally permitted to take, and (3) a false representation and

6

Case 1:19-cv-00410-UA-JEP   Document 18   Filed 01/02/20   Page 6 of 10

deceptive means of attempting to collect a debt in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10).

The FDCPA contains a one-year statute of limitation. 15 U.S.C. § 1692k(d) unambiguously requires that an FDCPA action be brought "within one year from the date on which the violation occurs." *Rotkiske v. Klemm*, ___ U.S. ___, ___, 205 L. Ed. 2d 291, 295 (2019). While a statute of limitations bar is an affirmative defense, "[w]hen it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss." *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 985 (D. Md. 2002), *aff'd*, 92 F. App'x 933 (4th Cir. 2004); *see also Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) ("The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint.").

Here, the bar is apparent from the face of the October Complaint. The last act or omission by Smith Debnam giving rise to the cause of action occurred on April 16, 2018, when the Collection Complaint was filed. Because the October Complaint was not filed until more than one year later, plaintiff's claims against Smith Debnam are time barred and should be dismissed.

## CONCLUSION

For the reasons set forth herein, Smith Debnam's Motions to Dismiss should be granted and all claims against Smith Debnam dismissed with prejudice.

This the 2nd day of January 2020.

7

*/s/ Caren D. Enloe*
Caren D. Enloe
NC Bar No. 17394
Zachary K. Dunn
NC Bar No. 50271
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
PO Box 176010
Raleigh, NC 27619-6010
Telephone: (919) 250-2000
Telefacsimile: (919) 250-2124
*Attorneys for Defendant Smith Debnam
Narron Drake Saintsing & Myers, LLP*

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 7.3(d)(1), the undersigned hereby certifies that the foregoing does not exceed the word limitations set forth in Local Rule 7.3(d)(1), as recorded by the word count feature of the word processing system used to prepare this memorandum.

/s/ *Caren D. Enloe*
Caren D. Enloe
NC Bar No. 17394
Zachary K. Dunn
NC Bar No. 50271
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
PO Box 176010
Raleigh, NC 27619-6010
Telephone: (919) 250-2000
Telefacsimile: (919) 250-2124
*Attorneys for Defendant Smith Debnam Narron Drake Saintsing & Myers, LLP*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served electronically upon the following via the CM/ECF system:

Jonathan R. Miller
Law Office of Jonathan Miller, LLC
449 N. Euclid Ave., Ste. 140
St. Louis, MO 63108
314-582-1892
Email: jonathan@sltconsumerlaw.com
*Counsel for Plaintiff*

Jeffrey B. Kuykendal
McAngus, Goudelock and Courie, PLLC
PO Box 30307
Charlotte, NC 28230
Email: Jeffrey.kuykendal@mgclaw.com
*Counsel for Defendant First Technology Federal Credit Union*

This the 2nd day of January 2020.

/s/ Caren D. Enloe
Caren D. Enloe
NC Bar No. 17394
Zachary K. Dunn
NC Bar No. 50271
SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP
PO Box 176010
Raleigh, NC 27619-6010
Telephone: (919) 250-2000
Telefacsimile: (919) 250-2124
*Attorneys for Defendant Smith Debnam Narron Drake Saintsing & Myers, LLP*