IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
C.A. No. 1:19-cv-00410-TDS-JEP

RONNIE LEE SANDERS,

    Plaintiff,

v.

SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP and FIRST
TECHNOLOGY FEDERAL CREDIT
UNION,

    Defendants.

## DEFENDANT SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP'S ANSWER TO THE AMENDED COMPLAINT

**NOW COMES** the defendant, Smith Debnam Narron Drake Saintsing & Myers, LLP ("Smith Debnam"), by and through its undersigned counsel of record, and files its Answer to Amended Complaint ( the "Complaint") as follows:

### FIRST DEFENSE
### ANSWER

Smith Debnam responds to the specific allegations of the Complaint as follows:

1. The allegations contained in paragraph 1 of the Complaint do not constitute factual allegations to which a response is required. To the extent a response is required Smith Debnam admits the plaintiff Ronnie Lee Sanders ("Plaintiff") seeks actual and statutory damages for alleged deceptive debt collection practices. Smith Debnam expressly denies that it is liable to Plaintiff for any damages, statutory or actual. Smith Debnam further denies that it has violated any federal or state statute, including but not limited to 15 U.S.C. § 1692 et seq. (the "FDCPA"), or that it has otherwise damaged or injured Plaintiff through any actions or inactions. Smith Debnam is without sufficient information or knowledge to admit or deny any of the allegations contained in Paragraph

1

1 of the Complaint as they pertain to any other defendant and denies the same on that basis. All remaining allegations contained in Paragraph 1 of the Complaint are denied.

## II. PARTIES

2. The allegations contained in paragraph 2 of the Complaint are admitted upon information and belief.

3. The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the same are denied.

4. The allegations contained in paragraph 4 of the Complaint are admitted.

5. Smith Debnam's website speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 5 of the Complaint are inconsistent therewith, the same are denied. Except as expressly admitted, the allegations contained in paragraph 5 of the Complaint are denied.

6. To the extent the allegations contained in paragraph 6 of the Complaint are legal conclusions, no response is required. Smith Debnam admits that, from time to time, it files suits on behalf of its clients. Smith Debnam further admits that, from time to time, it sends correspondence to individuals on behalf of its clients. Except as expressly admitted, the allegations contained in paragraph 6 of the Complaint are denied.

7. The allegations contained in paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the same are denied.

8. The allegations contained in paragraph 8 of the Complaint are admitted upon information and belief.

9. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint and denies the same on that basis.

10. The allegations contained in paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the same are denied.

### III. JURISDICTION AND VENUE

11. The allegations contained in paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the same are denied.

12. The allegations contained in paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the same are denied.

13. The allegations in paragraph 13 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the same are denied.

### IV. FACTUAL ALLEGATIONS

14. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Complaint and denies the same on that basis.

15. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the Complaint and denies the same on that basis.

16. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of the Complaint and denies the same on that basis.

17. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 of the Complaint and denies the same on that basis.

18. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Complaint and denies the same on that basis.

19. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Complaint and denies the same on that basis.

20. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of the Complaint and denies the same on that basis.

21. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 of the Complaint and denies the same on that basis.

22. Smith Debnam is without sufficient information or information to admit or deny the allegations contained in paragraph 22 of the Complaint and denies the same on that basis.

23. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 of the Complaint and denies the same on that basis.

24. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 of the Complaint and denies the same on that basis.

25. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of the Complaint and denies the same on that basis.

26. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 26 of the Complaint and denies the same on that basis.

27. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 of the Complaint and denies the same on that basis.

28. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 of the Complaint and denies the same on that basis.

29. Smith Debnam is without sufficient knowledge or information to admit or deny the

allegations contained in paragraph 29 of the Complaint and denies the same on that basis.

30. It is admitted that Plaintiff has attached a letter to the Complaint as Exhibit A. Exhibit A speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 30 of the Complaint are inconsistent therewith, the same are denied. Smith Debnam is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 30 of the Complaint and denies the same on that basis.

31. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 31 of the Complaint and denies the same on that basis.

32. It is admitted that Plaintiff has attached a letter to the Complaint as Exhibit B. Exhibit B speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 32 of the Complaint are inconsistent therewith, the same are denied. Except as expressly admitted, the allegations contained in paragraph 32 of the Complaint are denied.

33. Smith Debnam is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 33 of the Complaint and denies the same on that basis.

34. It is admitted that Plaintiff has attached a letter to the Complaint as Exhibit C. Exhibit C speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 34 of the Complaint are inconsistent therewith, the same are denied. Except as expressly admitted, the allegations contained in paragraph 34 of the Complaint are denied.

35. It is admitted that Smith Debnam filed a lawsuit against Plaintiff on behalf of First Tech Federal Credit Union ("First Tech") in Guilford County District Court, File No. 18-CVD-4641 (hereinafter the "State Court Action"). It is further admitted that a copy of the summons and complaint filed in the State Court Action is attached to the Complaint as Exhibit D. The summons and complaint speak for themselves and are the best evidence of their contents. To the extent the

allegations contained in paragraph 35 are inconsistent therewith, the same are denied. Except as expressly admitted, the allegations contained in paragraph 35 are denied.

36. It is admitted that Plaintiff filed a counterclaim (the "Counterclaim") against First Tech in the State Court Action. A true and correct copy of the Counterclaim is attached hereto as Exhibit A and incorporated herein by reference. It is further admitted that First Tech, through its defense counsel McAngus Goudelock & Courie, PLLC, filed a Motion to Dismiss or, Alternatively, Motion to Stay Pending Arbitration (the "First Tech Motions"). A true and correct copy of the First Tech Motions are attached hereto as Exhibit B and incorporated herein by reference. The Counterclaim and First Tech Motions speak for themselves and are the best evidence of their contents. Accordingly, reference is made thereto and to the extent the allegations contained in paragraph 36 of the Complaint are inconsistent therewith, the same are denied. All remaining allegations contained in paragraph 36 of the Complaint are denied.

37. It is admitted that Plaintiff filed a response to the First Tech Motions. Smith Debnam is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 37 of the Complaint and denies the same on that basis.

38. It is admitted that a hearing on the First Tech Motions was held in the State Court Action and an Order dismissing all claims was filed on December 20, 2018 (the "Dismissal Order"). A true and correct copy of the Dismissal Order is attached hereto as Exhibit C and incorporated herein by reference. The Dismissal Order speaks for itself and is the best evidence of its contents. Accordingly, reference is made thereto and to the extent the allegations contained in paragraph 38 are inconsistent therewith, the same are denied. Except as expressly admitted the allegations contained in paragraph 38 are denied.

39. The Dismissal Order is the best evidence of the State Court proceedings and

6

reference is made thereto. It is further stated that Plaintiff appealed the Dismissal Order to the North Carolina Court of Appeals, which affirmed the trial court in an unpublished opinion filed on September 3, 2019 (the "Appellate Opinion"). A true and correct copy of the Appellate Opinion is attached hereto as Exhibit D and incorporated herein by reference. The Dismissal Order and Appellate Opinion speak for themselves and are the best evidence of their contents. Accordingly, reference is made thereto and to the extent the allegations contained in paragraph 39 of the Complaint are inconsistent therewith, the same are denied. Except as expressly admitted, the allegations contained in paragraph 39 are denied.

## COUNT ONE
### Violation of the Fair Debt Collection Practices Act
### (15 U.S.C. §1692 *et seq.*)

40. The admissions, denials and averments set forth above are realleged and incorporated herein by reference as if fully set forth herein.

41. The allegations contained in paragraph 41 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required the allegations contained in paragraph 41 of the Complaint are denied.

42. To the extent the allegations contained in paragraph 42 of the Complaint constitute legal conclusions no response is required. To the extent a response is required the same are denied. All remaining allegations contained in paragraph 42 of the Complaint are denied.

## COUNT TWO
### Violations of the North Carolina Debt Collection Act
### (N.C. Gen. Stat. §75-50 *et seq.*)

43. The admissions, denials and averments set forth above are realleged and incorporated herein by reference as if fully set forth herein.

44. The allegations contained in paragraph 44 of the Complaint do not pertain to Smith

Debnam and no response is required. To the extent a response is required, Smith Debnam states that the same constitute legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 44 of the Complaint are denied.

45. The allegations contained in paragraph 45 of the Complaint do not pertain to Smith Debnam and no response is required. To the extent a response is required, Smith Debnam states that the same constitute legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 45 of the Complaint are denied.

46. The allegations contained in paragraph 46 of the Complaint do not pertain to Smith Debnam and no response is required. To the extent a response is required, Smith Debnam states that the same constitute legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 46 of the Complaint are denied.

47. Except as expressly admitted, the allegations contained in the Complaint are denied in their entirety.

## SECOND DEFENSE

Any violation of law or damages suffered by Plaintiff, which Smith Debnam denies, was due to the affirmative actions and/or omissions of the Plaintiff or others, and does not give rise to any liability of Smith Debnam.

## THIRD DEFENSE

Any violation of law or damages suffered by Plaintiff, which Smith Debnam denies, was due to the affirmative actions and/or omissions of the Plaintiff or others, and does not give rise to any claim for damages against Smith Debnam.

## FOURTH DEFENSE

To the extent Plaintiff suffered any damages, which is denied, he failed to mitigate such damages and his failure to mitigate is pled in bar of her claims.

## FIFTH DEFENSE

Any violation of law, which is specifically denied, was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## SIXTH DEFENSE

At all times pertinent hereto, Smith Debnam acted in good faith and reasonably relied upon the information provided to it by the creditor.

## SEVENTH DEFENSE

Plaintiff is judicially and/or equitably estopped from denying the validity of the contract referenced in paragraphs 37 and 38 of the Complaint as of the date the State Court Action was filed.

## EIGHTH DEFENSE

Plaintiff has failed to meet the minimum pleading standards regarding his claim for actual damages and said failure is pled as an absolute bar to his recovery of actual damages.

## NINTH DEFENSE

Smith Debnam asserts that it has at no time made material false representations to Plaintiff, or any other party, and that Plaintiff has not relied upon any representation made by Smith Debnam.

## TENTH DEFENSE

Smith Debnam pleads any applicable statute of limitations and/or repose in bar of Plaintiff's claims.

## ELEVENTH DEFENSE

Smith Debnam reserves the right to assert any and all additional defenses which become known to it during the pendency of this suit.

**WHEREFORE,** Smith Debnam respectfully prays:

1. That Plaintiff have and recover nothing from Smith Debnam;
2. That the Complaint be dismissed with prejudice as to Smith Debnam;
3. That the costs of this action be taxed to Plaintiff; and
4. For such other and further relief as this Court deems just and proper.

This the 14th day of October 2020.

*/s/ Caren D. Enloe*
Caren D. Enloe (NCSB No. 17394)
cenloe@smithdebnamlaw.com

Landon G. Van Winkle (NCSB No. 52590)
lvanwinkle@smithdebnamlaw.com

SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
PO Box 176010
Raleigh, NC 27619-6010
Telephone: (919) 250-2000
Telefacsimile: (919) 250-2124

*Attorneys for Defendant Smith Debnam
Narron Drake Saintsing & Myers, LLP*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served electronically upon the following via the CM/ECF system:

Jonathan R. Miller
Law Office of Jonathan Miller, LLC
449 N. Euclid Ave., Ste. 140
St. Louis, MO 63108
314-582-1892
Email: jonathan@sltconsumerlaw.com
*Counsel for Plaintiff*

Jeffrey B. Kuykendal
McAngus, Goudelock and Courie, PLLC
PO Box 30307
Charlotte, NC 28230
Email: Jeffrey.kuykendal@mgclaw.com
*Counsel for Defendant First Technology Federal Credit Union*

This the 14th day of October 2020.

/s/ *Caren D. Enloe*
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
PO Box 176010
Raleigh, NC 27619-6010
Telephone: (919) 250-2000
Telefacsimile: (919) 250-2124
*Attorneys for Defendant Smith Debnam Narron Drake Saintsing & Myers, LLP*