IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
C.A. No. 1:19-cv-00410-TDS-JEP

**RONNIE LEE SANDERS,**

    **Plaintiff,**

    v.

**SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP and
FIRST TECHNOLOGY FEDERAL
CREDIT UNION,**

    **Defendants.**

**DEFENDANT SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS,
LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
JUDGMENT ON THE PLEADINGS**

## I. MATTER BEFORE THE COURT

The matter before the Court for ruling is the defendant Smith Debnam Narron Drake Saintsing & Myers, LLP's ("Smith Debnam") Motion for Judgment on the Pleadings brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## II. STATEMENT OF FACTS

On April 16, 2018,[1] Smith Debnam filed a complaint (the "Collection Complaint") on behalf of First Technology Federal Credit Union ("FTFCU") in Guilford County District Court (the "State Court") seeking to collect a deficiency balance from the plaintiff

---

[1] While the Complaint alleges the Collection Complaint was filed April 16, 2017, the Collection Complaint was actually filed April 16, 2018. *Compare* Am. Compl., ECF No. 3 ¶ 35 *with* Am. Compl., Ex. D, ECF No. 3-4 at 1.

1

Ronnie Lee Sanders ("Plaintiff") (the "State Court Action"). Am. Compl., ECF No. 3 ¶ 35; Answer, ECF No. 30 ¶ 35. *See also* Am. Compl., Ex. D, ECF No. 3-4 at 1–7. The Collection Complaint, which was supported by an Affidavit of Claim sworn by Chris Benson, Director of Recovery Solutions at FTFCU (the "Benson Affidavit") as well as a copy of a Retail Installment Sale Contract – Simple Finance Charge (the "Contract"), alleged that Plaintiff had executed the Contract, defaulted under its terms, and owed FTFCU the sum of $11,829.41 plus interest. *Id.* at 3–4. These allegations were verified by the Benson Affidavit. *See id.* at 5.

On or about August 3, 2018, Plaintiff answered and filed a counterclaim (the "Collection Counterclaim"), asserting that FTFCU was not entitled to any deficiency claim arising under the Contract because it had allegedly violated certain provisions of Article 9 of the Uniform Commercial Code (the "UCC") in disposing of the Vehicle (defined below). Answer, Ex. A, ECF No. 30-1 at 1–26. *See also* N.C. Gen. Stat. §§ 25-9-625, -626. In the Collection Counterclaim, Plaintiff admitted that: (a) he signed the Contract, which memorialized the terms of Plaintiff's purchase of a 2016 Nissan Murano (the "Vehicle") from the dealer (the "Dealer"); (b) by virtue of his execution of the Contract, FTFCU became a "secured party" with respect to the Vehicle; (c) he failed to make payments due under the Contract to FTFCU; and (d) FTFCU repossessed the Vehicle thereafter. Answer, Ex. A, ECF No. 30-1 at 7–8, ¶¶ 2, 10, 13–15.

On or about September 27, 2018, FTFCU, through separate counsel,[2] filed a Motion to Dismiss or, Alternatively, Motion to Stay Pending Arbitration (the "Stay Motion") in the State Court Action. Answer, Ex. B, ECF No. 30-2 at 1–7. On or about December 20, 2018, the State Court entered an Order dismissing all claims (the "Dismissal Order") in the State Court Action and made specific findings of fact and conclusions of law in support of its dismissal. Answer, Ex. C, ECF No. 30-3 at 1–4. Among other things, the State Court found that Plaintiff filed an affidavit in opposition to the Stay Motion in which he contended the Contract was invalid and, on that basis, FTFCU "stipulated that there was no valid and binding contract between [Plaintiff] and [FTFCU] or between [Plaintiff] and [Dealer]." *Id.* at 3, ¶¶ 6–8. Based on these findings, the State Court dismissed both the Collection Complaint and the Collection Counterclaim concluding, as a matter of law, that since there was no Contract between Plaintiff and FTFCU or Plaintiff and Dealer, FTFCU could not have been a "secured party" under the UCC. *Id.* at 3–4, ¶¶ 3–6. Plaintiff appealed the dismissal of his counterclaims and in an unpublished opinion filed on September 3, 2019, the North Carolina Court of Appeals affirmed the Dismissal Order. Answer, Ex. D, ECF No. 30-4 at 1–10.

Exactly one year after the filing of the State Court Action, Plaintiff filed the instant

---

[2] FTFCU secured separate counsel to defend the Collection Counterclaim. *Compare* Am. Comply., Ex. D, ECF No. 3-4 at 1–7 (Collection Complaint) *with* Answer, Ex. B, ECF No. 30-2 at 1–7 (Stay Motion filed in State Court Action).

lawsuit.³ The Complaint asserts a single cause of action against Smith Debnam arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Am. Compl., ECF No. 3 at 7–8, ¶¶ 40–42. Plaintiff alleges that Smith Debnam violated section 1692e of the FDCPA by filing the Collection Complaint and asserts that it contained false, deceptive, or misleading representations. *Id.* at 8, ¶ 42. Specifically, Plaintiff alleges that the Collection Complaint was "a false representation of the character, amount, and legal status of a debt," and that the filing of the Collection Complaint was "an action [or a threat to take action] that Smith Debnam was not legally permitted to take," and a "false representation and deceptive means of attempting to collect a debt," and therefore violated 15 U.S.C. § 1692e(2)(A), (5), and (10), respectively. *Id.* Smith Debnam timely answered the Complaint, admitting that it filed the Collection Complaint in the State Court Action on behalf of its client, FTFCU, but denying that it violated the FDCPA. Answer, ECF No. 30 at 5–7, ¶¶ 35–36, 40–42.

Smith Debnam previously filed a Motion to Dismiss the Complaint pursuant to Rules 12(b)(5) and (b)(6) of the Federal Rules of Civil Procedure, arguing, among other things, that Plaintiff's FDCPA claim was time-barred based upon his delay in serving the Complaint. *See generally* ECF No. 18. Smith Debnam now moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, relying upon the undisputed facts established through the pleadings, as well as the exhibits attached to the

---

³ Initially filed against Smith Debnam only, Plaintiff amended the Complaint to add FTFCU as a defendant on October 24, 2019. *See* Am. Compl., ECF No. 3 (hereinafter the "Complaint").

pleadings and incorporated therein by reference. *See generally* Answer, ECF No. 30.

### III. ARGUMENT

#### A. Standard of Review

"In adjudicating a motion under Rule 12(c), the court may consider the complaint, the answer, and any documents incorporated by reference into these pleadings." *Taylor v. Norfolk S. Ry. Co.*, 86 F. Supp. 3d 448, 452 (M.D.N.C. 2015) (citing *Mendenhall v. Hanesbrands, Inc.*, 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012)). This includes documents attached to a defendant's answer or its motion to dismiss, provided they are central to the plaintiff's claim and their authenticity is not disputed. *Id.* (citing *Am. Chiropractic Ass'n v, Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). *See also Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 435 (M.D.N.C. 2011); *Mincey v. World Sav. Bank, FSB*, 614 F. Supp. 2d 610, 629 (D.S.C. 2008).

Motions for judgment on the pleadings under Rule 12(c) "are governed by the same standard as motions brought under Rule 12(b)(6)." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Such motions should be granted where "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

Further, to survive a motion to dismiss, the complaint must allege "enough facts to

5

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### B. The Collection Complaint Did Not Violate 15 U.S.C. § 1692e Because it Did Not Contain any False, Deceptive, or Misleading Representations.

The FDCPA prohibits debt collectors from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Among other things, this section of the FDCPA proscribes the "false representation of . . . the character, amount, or legal status of any debt," the "threat to take any action that cannot legally be taken or that is not intended to be taken," and the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(2)(A), (5), and (10), respectively.

Courts in the Fourth Circuit evaluate whether a communication is false, misleading, or deceptive from the "the vantage of the 'least sophisticated consumer,'" an objective standard that "evaluates § 1692e claims based upon how the least sophisticated consumer would interpret the allegedly offensive language." *Russell v. Absolute Collection Servs.*, 763 F.3d 385, 394–95 (4th Cir. 2014) (citing *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

Additionally, courts "view the allegedly false or misleading representations in context." *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015). In *Elyazidi*, for

6

example, the debtor signed an agreement with her lender authorizing the lender to request attorneys' fees in an amount up to 25% of the debt in any subsequent collection action. *Id.* at 230. The lender's attorney filed a warrant in debt, a "standardized pleading that the Virginia courts make available to creditors," seeking, among other relief, attorneys' fees in an amount that was equal to 25% of the amount of the debt. *Id.* at 230–31. The attorney filed an affidavit from the lender with the warrant confirming that the amount of attorneys' fees sought was an estimate based on the amount of time the attorney anticipated billing in the case from commencement through collection. *Id.* at 231. The debtor subsequently sued the lender and its attorney, alleging that the prayer for attorneys' fees violated § 1692e(2) because the agreement was merely a cap on the fees, and that since the attorney acknowledged that she had not billed all of the time she anticipated billing at the time the warrant was filed, the debtor could not have "owed" that amount on the date the warrant was filed. *Id.* at 233.

The Fourth Circuit affirmed the district court's dismissal of the debtor's claim because it was undisputed that the debtor had signed the agreement authorizing the award of attorneys' fees sought, and the attorney "sought no more than applicable law allowed and explained via affidavit that the figure was merely an estimate of an amount counsel expected to earn in the course of the litigation." *Id.* at 234. The Court declined to read the warrant's use of the word "owe" in a hyper-technical manner, as urged by the debtor, instead concluding that the language in the pleading "cannot be read in isolation," and that taken together with the lender's affidavit, "any consumer—no matter how sophisticated—

7

should have understood the nature of [the lender's] request." *Id.* at 235.

### 1. The Collection Complaint was not a False Representation of The Character, Amount, or Legal Status of a Debt (§ 1692e(a)(2)(A))

Timing matters in evaluating whether a communication is false, deceptive, or misleading under the FDCPA. In *Russell*, for example, a debt collector sent a debtor a dunning letter attempting to collect a medical debt, which informed the debtor that*, as of the date of the dunning letter*, the debtor's account with the physician had "not been satisfied." *Russell*, 763 F.3d at 395. The U.S. Court of Appeals for the Fourth Circuit agreed with the district court that the dunning letter was false and misleading as a matter of law, because it was "undisputed that Russell had fully paid her debt with Sandhills *at the time Absolute Collection sent the demand letter*." *Id.* (emphasis added). The unstated corollary to this conclusion is that if the dunning letter had been sent *before* the debt had been paid, then it would not have been false, deceptive, or misleading, because the statement that the debt was unpaid would have been accurate *at the time* the communication was made.

Here, too, the Court must evaluate Plaintiff's allegations with respect to the Collection Complaint *at the time* the Collection Complaint was filed and served upon Plaintiff (in other words, at the time it became a "communication" to Plaintiff from Smith Debnam). Plaintiff has failed to identify in his Complaint with any specificity which of the allegations in the Collection Complaint constitute the "allegedly offensive language," which is purportedly false, deceptive, or misleading. *Russell*, 763 F.3d at 395. In fact, the only allegation that is not a conclusory recital of the language of the FDCPA is Plaintiff's assertion that the Collection Complaint was a false representation of the character, amount,

8

or legal status of a debt because it "threatened [Plaintiff] with a deficiency judgment . . . ." Am. Compl., ECF No. 3 at 8, ¶ 42.

The Collection Complaint consists of five (5) paragraphs of allegations which can be summarized as follows:

(1) That FTFCU is a "federally chartered credit union" and is authorized to conduct business in North Carolina;

(2) That Plaintiff is a "resident and citizen of Guilford County, North Carolina," and is not a minor, incompetent person, or in active military service;

(3) That Plaintiff executed the Contract on or about June 19, 2017 and agreed to pay the amounts owed under the Contract in accordance with its terms;

(4) That Plaintiff defaulted under the Contract and that a balance of $11,829.41 "plus contract interest accruing at 5.48% per annum from April 6, 2018, until paid in full," was owed under the Contract following his default; and

(5) That the Contract provided for the collection of reasonable attorneys' fees and Plaintiff was advised of his rights under N.C. Gen. Stat. § 6-21.2 of his ability to pay the balance owed within thirty (30) days without incurring additional liability for FTFCU's reasonable attorneys' fees.[4]

Am. Compl., Ex. D, ECF No. 3-4 at 3, ¶¶ 1–5. As explained below, the uncontroverted allegations of the parties establish that, *at the time* the Collection Complaint was filed, and at the time Plaintiff was served with the same, none of the allegations in the Collection Complaint were false, misleading, or deceptive.

It is undisputed that FTFCU is a federally-chartered credit union. *See* Am. Compl.,

---

[4] N.C. Gen. Stat. § 6-21.2(5) in fact only requires a creditor to provide a debtor a period of five (5) days from the date of notice within which to pay the balance owed and avoid additional liability for attorneys' fees. The extended thirty-day period aligned this payment deadline with Plaintiff's deadline to respond to the Collection Complaint under Rule 12(a)(1) of the North Carolina Rules of Civil Procedure. *See* N.C. Gen. Stat. § 1A-1, Rule 12(a)(1).

9

ECF No. 3 at 2, ¶ 8. It is further undisputed that Plaintiff is a natural person who has "lived in Greensboro, North Carolina"[5] at "all times relevant" to the allegations in the Amended Complaint. *Id.* at 1, ¶ 2. Plaintiff affirmatively alleged in his Collection Counterclaim that he executed the Contract. Answer, Ex. A, ECF No. 30-1 at 6–7, ¶¶ 2, 10. Plaintiff affirmatively alleged in his Collection Counterclaim that he "did not make any payments to [FTFCU] under the [Contract]." *Id.* at 8, ¶ 14. The Contract required Plaintiff to make payments to FTFCU, provided that failure to timely make such payments was a default, and authorized FTFCU to repossess the Vehicle and dispose of it pursuant to Article 9 of the UCC in the event of such default. Am. Compl., Ex. D, ECF No. 3-4 at 6–7.

Thus, the fact that the Collection Complaint "threatened" a deficiency judgment is not false, deceptive, or misleading, because FTFCU was legally entitled to seek such a deficiency judgment ***at the time*** the Collection Complaint was filed and served upon Plaintiff. Indeed, Plaintiff's entire case appears to hinge on the dubious theory that a communication that is truthful, accurate, and non-misleading when made can somehow *become* actionable under the FDCPA when *subsequent* events render the communication false, deceptive, or misleading.

Plaintiff's assertion that the Collection Complaint was false, misleading, or deceptive is based on his contention that since the State Court *subsequently* determined, based upon a *subsequent* stipulation by FTFCU, that the Contract was invalid, the

---

[5] This Court may take judicial notice of the fact that Greensboro, North Carolina is located in Guilford County.

Collection Complaint must have been misleading because it sought to collect amounts owed under a subsequently invalidated contract. But this theory ignores the temporal nexus required between the communication which allegedly violates the FDCPA and the true state of facts in existence *at the time* the communication is made.[6]

Accordingly, because the allegations in the Collection Complaint were true and accurate at the time it was filed and served upon Plaintiff, and Plaintiff has admitted the essential facts forming the basis for the relief sought therein, it was not a false, deceptive, or misleading communication, and did not violate the FDCPA. The fact that FTFCU subsequently stipulated that the Contract was invalid cannot operate to retroactively make a true statement false, because the truth or falsity of a communication under the FDCPA must be examined at the time it was made. Therefore, Plaintiff has failed to allege facts supporting any plausible inference that Smith Debnam violated § 1692e(a)(2)(A) of the FDCPA, and Smith Debnam is entitled to judgment on this claim as a matter of law.

2.  **Filing the Collection Complaint was Neither an Act, Nor a Threat to Take an Act, That Smith Debnam Was not Legally Permitted To Take (§ 1692e(5))**

Plaintiff alleges, without elaboration, that the filing and serving of the Collection

---

[6] The Court of Appeals acknowledged this temporal disconnect in its opinion, noting that Plaintiff took "issue with the fact that it was not until the hearing [on the Stay Motion] that [FTFCU] stipulated that the [Contract] was unenforceable," and that FTFCU argued that the Contract's unenforceability defeated Plaintiff's counterclaims under the UCC "***for the first time***" at that hearing. Answer, Ex. D, ECF No. 30-4 at 9 (emphasis added). The Court of Appeals also affirmed the Dismissal Order because "the parties conceded that the only security agreement between them was ***no longer valid*** and enforceable." *Id.* at 8 (emphasis added).

Complaint was an "action that Smith Debnam was not legally permitted to take, as well as a threat to take action that Smith Debnam was not legally permitted to take . . . ." Am. Compl., ECF No. 3 at 6, ¶ 42.

It is undisputed or not reasonably subject to dispute that the Collection Complaint was filed by an attorney licensed to practice law in the State of North Carolina. Thus, it is nonsensical to suggest that Smith Debnam, through an attorney admitted and licensed to practice law in North Carolina, was not legally permitted to file a lawsuit in North Carolina on behalf of its client. *See, e.g.*, *Hill v. Midland Funding, LLC*, No. CCB-12-2397, 2013 U.S. Dist. LEXIS 53963, at *7 (D. Md. Apr. 16, 2013) (quoting 15 U.S.C. § 1692e(5)) ("Midland's filing of each lawsuit was not a 'threat to take . . . action that cannot legally be taken' because Midland, and its servicer whose address was used, were both licensed and authorized to file suit in Maryland against the plaintiffs and could, in fact, legally file suit against the plaintiffs.").

Further, the fact that the Collection Complaint was ultimately dismissed does not *ipso facto* create an FDCPA violation. *See Heintz v. Jenkins*, 514 U.S. 291, 296 (1995) (quoting 15 U.S.C. § 1692e(5)) ("[W]e do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'"). *See also Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819–20 (8th Cir. 2012) ("The fact that a state court judge rejected the contention [of the debt collector plaintiff's argument in a memorandum and affidavit in support of its motion for summary judgment], does not prove that those assertions were false or misleading for

purposes of § 1692e."); *Deere v. Javitch*, 413 F. Supp. 2d 886, 891 (S.D. Ohio 2006) ("[F]iling a lawsuit supported by the client's affidavit attesting to the existence and amount of a debt, is not a false representation about the character or legal status of a debt, nor is it unfair or unconscionable."); *Hill,* 2013 U.S. Dist. LEXIS 53963, at *10 ("Filing wholly truthful affidavits that some state courts may hold to be insufficient in an attempt to obtain default judgments is not a misrepresentation or other falsehood violating § 1692e."); *Medialdea v. Law Office of Evan L Loeffler PLLC*, No. C09-55RSL, 2008 U.S. Dist. LEXIS 109013, at *14 (W.D. Wash. June 19, 2009) ("The filing of a lawsuit alone is neither unfair nor unconscionable.").

Further, there is no "threat to take action" in the Collection Complaint, much less a threat to take action not legally permitted to be taken. *Cf. United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 138 (4th Cir. 1996) (observing that debt collector's mass dunning letters which threatened suits it never intended to file violated § 1692e(5)). *See also Berndt v. Fairfield Resorts, Inc.*, 337 F. Supp. 2d 1120, 1131 (W.D. Wis. 2004) (explaining that § 1692e(5) was intended to guard against "empty threats intended only to scare a debtor" and finding such an impermissible "empty threat" where a collection letter threatened to send a debt to a collection agency when in fact the debt had already been sent to a collection agency). Plaintiff alleges that the Collection Complaint "threatened [Plaintiff] with a deficiency judgment . . . ." Am. Compl., ECF No. 3 at 8, ¶ 42. However, as explained above, at the time the Collection Complaint was filed, FTFCU was entitled to seek the deficiency judgment requested in the Collection Complaint. Therefore, and because

FTFCU was entitled to seek the relief requested in the Collection Complaint when it was filed, the Collection Complaint did not threaten any "action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

Accordingly, nothing in the Collection Complaint constituted an act, or a threat to take an act, that Smith Debnam was not legally permitted to take. Therefore, Plaintiff has failed to state a plausible claim that Smith Debnam violated of § 1692e(5) of the FDCPA, and Smith Debnam is entitled to judgment on this claim as a matter of law.

### 3. Filing the Collection Complaint was not a False Representation or Deceptive Means of Attempting to Collect a Debt (§ 1692e(10))

Plaintiff's final allegation against Smith Debnam is that filing and serving the Collection Complaint was a "false representation and deceptive means of attempting to collect a debt." Am. Compl., ECF No. 3 at 8, ¶ 42. Again, Plaintiff fails to advance any factual allegations establishing why or how the Collection Complaint was false or deceptive.

As discussed above, all of the allegations in the Collection Complaint were true and accurate *at the time* the Collection Complaint was filed and served upon Plaintiff. It was not until the hearing on the Stay Motion that FTFCU stipulated that the Contract was not a valid security agreement, thereby precluding it from seeking a deficiency judgment from Plaintiff. Answer, Ex. C, ECF No. 30-3 at 2–4. Moreover, Plaintiff's allegation that he "revoked acceptance of the [Vehicle] and terminated the [Contract]," is a legal argument attacking the validity of the debt, representing precisely the type of dispute which the courts of this state exist to adjudicate. Am. Compl., ECF No. 3 at 7, ¶ 37. Thus, even if Plaintiff

14

"told the [FTFCU] employee . . . that he was going to cancel his purchase and return the [Vehicle]," *id.* at 5, ¶ 26, prior to the filing of the State Court Action, the fact that Plaintiff disputed the nature of the debt does not *ipso facto* render any attempt to collect the debt a false or deceptive act. On the contrary, this Court has previously held under similar circumstances that such disputes are properly brought, as here, before a court of competent jurisdiction for resolution.

In *Jones v. City Plaza, LLC*, No. 1:19-cv-00924-NCT-JLW, 2020 U.S. Dist. LEXIS 75140, at *21–22 (M.D.N.C. Apr. 29, 2020), *appeal dismissed,* No. 20-1617, 2020 U.S. App. LEXIS 33006 (4th Cir. Oct. 19, 2020), this Court held that where a debtor's dispute regarding the validity of the debt turns on the resolution of an underlying legal question, a debt collector does not violate the FDCPA by communicating about the debt based upon information obtained from the original creditor. In *Jones*, the debtor broke a residential lease agreement, and disputed the landlord's application of his security deposit to certain damages the landlord claimed to have incurred. *Id.* at *2–4. Recognizing that the validity of the debt at issue turned on the interplay between two North Carolina statutes, this Court correctly held that a debt collector did not violate § 1692e of the FDCPA by reporting the existence and amount of the debt to third parties, because whether or not the creditors were "lawfully entitled to the $454.60 that [the debt collector] reported as owing is a legal question involving [the plaintiff and the creditors] to be decided by a court." *Id.* at *21.

Here, Plaintiff argues that Smith Debnam violated the FDCPA by filing the Collection Action because FTFCU was not entitled to any deficiency because the Contract

15

became invalid when Plaintiff revoked his acceptance of the Vehicle. However, whether a revocation of acceptance is ultimately effective is a "legal question . . . to be decided by a court." *Id.* at *21. *See also Bus. Commc'ns, Inc. v. Ki Networks, Inc.*, 157 N.C. App. 710, 713, 570 S.E.2d 77, 79 (2003) (setting forth the four elements necessary for buyer to prove revocation of acceptance under N.C. Gen. Stat. § 25-2-608). More importantly, *Plaintiff*, not FTFCU or Smith Debnam, bore the burden of proving that he had validly revoked acceptance of the Vehicle, and thereby invalidated the Contract. *See, e.g.*, *Harrington Mfg. Co. v. Logan Tontz Co.*, 40 N.C. App. 496, 503, 253 S.E.2d 282, 285 (1979) (recognizing that the burden of proving justifiable revocation of acceptance rests on the buyer who accepted the goods in the first instance). Thus, the mere fact that Plaintiff disputed the validity of the debt evidenced by the Contract does not transform the Collection Complaint into a deceptive means of collecting a debt; on the contrary, filing the Collection Complaint is precisely the type of collection activity designed to foster a full and fair adjudication of such bona fide disputes, which is in fact what occurred here. *See* Answer, Ex. C, ECF No. 30-3 at 2–4. *See also Medialdea*, 2008 U.S. Dist. LEXIS 109013, at *14 ("Indeed, a non-frivolous lawsuit seems to be one of the most fair means of collecting a debt.").

    Because Plaintiff has failed to allege any facts which plausibly demonstrate that the filing and service of the Collection Complaint was a false representation or deceptive means of collecting a debt, he has failed to state a claim for violation of § 1692e(10) of the FDCPA, and Smith Debnam is entitled to judgment on this claim as a matter of law.

## CONCLUSION

For the reasons set forth herein, Smith Debnam's Motions for Judgment on the Pleadings should be granted, and this Court should enter judgment in favor of Smith Debnam on all counts in the Complaint.[7]

This the 12th day of November 2020.

                                                     /s/ Caren D. Enloe
                                                     Caren D. Enloe
NC Bar No. 17394
cenloe@smithdebnamlaw.com
Landon G. Van Winkle
NC Bar No. 52590
lvanwinkle@smithdebnamlaw.com
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
PO Box 176010
Raleigh, NC 27619-6010
Telephone: (919) 250-2000
Telefacsimile: (919) 250-2124
*Attorneys for Defendant Smith Debnam Narron Drake Saintsing & Myers, LLP*

---

[7] Moreover, and to the extent Smith Debnam's Rule 12(c) motion is not granted, Smith Debnam intends to assert, and specifically reserves and does not waive, the bona fide error defense under 15 U.S.C. § 1692k(c). Smith Debnam, a law firm, is entitled to reasonably rely on information received from its client, and "cannot be held liable for attempting to collect a debt, so long as there is a 'colorable factual basis' for a client's claim." *Young v. Ryan*, No. ELH-11-01562, 2012 U.S. Dist. LEXIS 181629, at *20 (D. Md. Dec. 21, 2012) (quoting *McLean v. Ray*, 488 F. App'x 677, 683 (4th Cir. July 17, 2012)).

## **CERTIFICATE OF COMPLIANCE**

In accordance with Local Rule 7.3(d)(1), the undersigned hereby certifies that the foregoing document contains fewer than 6,250 words, inclusive of headings and footnotes, as recorded by the word count feature of the word processing software used to prepare this Memorandum.

>*/s/ Caren D. Enloe*
>Caren D. Enloe
>NC Bar No. 17394
>Landon G. Van Winkle
>NC Bar No. 52590
>SMITH DEBNAM NARRON DRAKE
>SAINTSING & MYERS, LLP
>PO Box 176010
>Raleigh, NC 27619-6010
>Telephone: (919) 250-2000
>Telefacsimile: (919) 250-2124
>*Attorneys for Defendant Smith Debnam*
>*Narron Drake Saintsing & Myers, LLP*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served electronically upon the following via the CM/ECF system:

Jonathan R. Miller
Law Office of Jonathan Miller, LLC
449 N. Euclid Ave., Ste. 140
St. Louis, MO 63108
314-582-1892
Email: jonathan@sltconsumerlaw.com
*Counsel for Plaintiff*

Jeffrey B. Kuykendal
McAngus, Goudelock and Courie, PLLC
PO Box 30307
Charlotte, NC 28230
Email: Jeffrey.kuykendal@mgclaw.com
*Counsel for Defendant First Technology Federal Credit Union*

This the 12th day of November, 2020.

> */s/ Caren D. Enloe*
> Caren D. Enloe
> NC Bar No. 17394
> Landon G. Van Winkle
> NC Bar No. 52590
> SMITH DEBNAM NARRON DRAKE
> SAINTSING & MYERS, LLP
> PO Box 176010
> Raleigh, NC 27619-6010
> Telephone: (919) 250-2000
> Telefacsimile: (919) 250-2124
> *Attorneys for Defendant Smith Debnam Narron Drake Saintsing & Myers, LLP*